**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10061 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00295-CKJ-BGM-2 |
| v. | |
| LUIS CARLOS SAIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10131 |
| Plaintiff - Appellee, | D.C. No. 4:07-cr-01952-CKJ-BGM-1 |
| v. | |
| LUIS CARLOS SAIZ, aka Luis Saiz, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted July 19, 2016<sup></sup>
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and EDMUNDS,*** Senior District Judge.

Defendant Luis Carlos Saiz appeals his convictions, after a jury trial, for conspiracy to possess with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 846, and possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). He also appeals the district court's revocation of his supervised release resulting from his drug convictions. We affirm.

1. Defendant argues that his motion to suppress evidence should have been granted because the border patrol officers did not have reasonable suspicion to initiate the traffic stop. Reviewing de novo, United States v. Berber-Tinoco, 510 F.3d 1083, 1087 (9th Cir. 2007), we hold that reasonable suspicion justified the traffic stop. To determine whether reasonable suspicion exists, we "must look at the 'totality of the circumstances' of each case to see whether the detaining officer

---

** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

*** The Honorable Nancy G. Edmunds, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

has a 'particularized and objective basis' for suspecting legal wrongdoing." <u>United States v. Arvizu</u>, 534 U.S. 266, 273 (2002).

The district court found the border patrol officers credible. The officers testified that: the traffic stop took place on a road near the U.S.-Mexican border that circumvents a border patrol check point; they knew the road to be a thoroughfare for illegal narcotics; the traffic stop occurred late at night, and it was not unusual for the officers to go an entire shift at that hour without seeing a single vehicle on the road; the traffic stop occurred during a border patrol shift change, which is a common time for drug smugglers to try to travel through the area; the area where the traffic stop occurred was sparsely populated; the individuals in the pickup truck did not appear to be local ranchers or campers because they drove past the ranches and campsites in the area; the truck had dirt bikes in the back, even though there were no dirt bike trails near the area and the weather was very cold and not appropriate for dirt-bike riding; the officers had previously witnessed smugglers' attempts to use props—such as recreational utility vehicles or motorcycles—in an attempt to blend in; and the driver rigidly grabbed the steering wheel with both hands when he passed the officers. Defendant challenges each fact individually by offering innocent explanations or questioning its relevance. Although it is true that "each of the[] factors alone is susceptible of innocent

explanation, and some factors are more probative than others[, t]aken together, . . . they sufficed to form a particularized and objective basis for . . . stopping the vehicle." Id. at 277–78.

2. Defendant next claims that the evidence in the record was insufficient to establish that he participated in a conspiracy to possess with intent to distribute marijuana and that he possessed marijuana with intent to distribute. "[V]iewing the evidence in the light most favorable to the prosecution," the evidence was "adequate to allow any rational trier of fact to find the essential elements of [both charges] beyond a reasonable doubt." United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (internal quotation marks, emphasis, and brackets omitted).

Evidence at trial showed that Defendant was a passenger in a pickup truck owned by his sister and driven by his co-defendant, Francisco Sosa. After the truck was pulled over, one of the border patrol officers began to question Sosa. Sosa, however, remained mostly silent and allowed Defendant to interject answers explaining why they were traveling late at night and where they were heading. Defendant said that he and Sosa had spent the day together riding the dirt bikes. But both Defendant and Sosa were completely clean, and the only protective riding equipment in the vehicle was a single pair of leather gloves—no helmets, goggles,

4

or pads. The officers eventually searched the truck and discovered large quantities of marijuana hidden in a spare tire in the rear of the truck as well as in the purse of a female passenger. Moreover, the government presented evidence at trial that showed that the bikes were not operational and probably had not been used in years. From that evidence, a reasonable juror could infer that Defendant both conspired to possess and possessed marijuana with intent to distribute.

3. Defendant asserts that the district court abused its discretion in precluding him from calling an expert witness at trial. We disagree. As Defendant concedes, our caselaw is clear that a district court does not abuse its discretion when it excludes an expert witness on account of an untimely disclosure of the witness. See, e.g., United States v. W.R. Grace, 526 F.3d 499, 516 (9th Cir. 2008) (en banc) ("[T]he government would violate [Federal Rule of Civil Procedure 16] if it were to call expert witnesses who were not timely disclosed. Therefore, the district court may properly rely on its Rule 16 authority where appropriate to enforce its orders. . . . [T]he district court may exclude evidence as a sanction.").

4. Defendant requests that we reverse the revocation of supervised release if we reverse the underlying convictions. But, as explained above, we affirm the convictions.

**AFFIRMED.**